JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

ARMAH V. JOHNSON,

             Petitioner,

    v.

PATWIN HORN,

             Respondent.

Case No. CV 26-2764-DOC (AS)

**ORDER OF DISMISSAL**

### BACKGROUND

On March 12, 2026, Armah V. Johnson, ("Petitioner"), a California state prisoner proceeding <u>pro</u> <u>se</u>, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"), along with a supporting Addendum, challenging his 2001 convictions in Los Angeles County Superior Court case no. SA039025 for second degree murder in violation of California Penal Code section 187 and possession of a firearm by a felon in violation of California Penal Code section 12021(a)(1),

for which he was sentenced to prison for forty years to life.[1] (Dkt. No. 1). The Petition seeks relief from the judgment in that case on the grounds of (1) insufficiency of the evidence, (2) ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel. (See Petition at 5-6; Addendum 2-7).

Previously, on December 8, 2004, Petitioner filed a habeas petition in this Court pursuant to § 2254, challenging the same 2001 convictions and sentence. See Armah Victor Johnson v. A.K. Scribner, Case No. CV 05-00593-DOC (VBK), Dkt. Nos. 1, 3. On February 15, 2008, the Court entered judgment dismissing the petition with prejudice. Id., Dkt. Nos. 67-68. On April 25, 2008, the Court denied Petitioner's application for a certificate of appealability. Id., Dkt. 70. The Ninth Circuit Court of Appeals then denied Petitioner's request for a certificate of appealability on December 8, 2008. Id., Dkt. No. 75.

On November 9, 2016, Petitioner filed another § 2254 habeas petition in this Court challenging the same 2001 convictions and sentence. See Armah Johnson v. C. Pfeiffer, Case No. CV 16-8359-DOC (AS), Dkt. No. 1. On November 18, 2016, the Court determined that the petition was an unauthorized second or successive habeas petition, entered judgment dismissing the matter without prejudice,

---

[1] Information about the offenses for which Petitioner was convicted and sentenced is derived from the Petition as well as the filings in Armah Victor Johnson v. A.K. Scribner, Case No. CV 05-0593-DOC (VBK). See also People v. Johnson, 98 Cal. App. 4th 566, 569-70 (2002).

and denied a certificate of appealability. Id., Dkt. Nos. 5-7. On June 9, 2017, the Ninth Circuit denied Petitioner's request for a certificate of appealability. Id., Dkt. No. 11.

As explained below, the current Petition, similarly, is a second or successive habeas petition filed without authorization and is therefore dismissed without prejudice.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court' must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody[.]" Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam) (citations omitted). In particular, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court," Magwood v. Patterson, 561 U.S. 320, 330-31 (2010) (citing 28 U.S.C. § 2244(b)(3)(A)); Banister v. Davis, 590 U.S. 504, 509 (2020); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998), and the appellate court "may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two [exceptions] articulated in § 2244(b)(2)." Burton, 549 U.S. at 153; Banister, 590 U.S. at 510. "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims

3

relying on new rules of constitutional law." Tyler v. Cain, 533 U.S. 656, 661-62 (2001) (citations omitted); Banister, 590 U.S. at 510; see also Magwood, 561 U.S. at 335 ("[Section 2244(b)(2)] describes circumstances when a claim not presented earlier may be considered: intervening and retroactive case law, or newly discovered facts suggesting 'that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense.'" (citation omitted)). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008); Turner v. Baker, 912 F.3d 1236, 1238-39 (9th Cir. 2019). "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016); Burton, 549 U.S. at 153.

The instant Petition challenges Petitioner's custody pursuant to the same 2001 Los Angeles County Superior Court judgment at issue in his 2004 petition in this Court. Accordingly, the instant Petition, filed on March 12, 2026, well after the effective date of AEDPA, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244, which the Court lacks jurisdiction to consider. See Burton, 549 U.S. at 153. ("Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without

4

jurisdiction to entertain it."); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced."). Because there is no indication that Petitioner has obtained authorization from the Ninth Circuit, this Court cannot entertain the present Petition. See Burton, 549 U.S. at 157; Cooper V. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court appeals, consider a second or successive habeas application.").

**ORDER**

ACCORDINGLY, IT IS ORDERED that the Petition is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 26, 2026

_David O. Carter_
_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

5